IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICKEY BEATY,

    Petitioner,

  v.

CHARLES DANIELS, Warden, and
NATIONAL TOXICOLOGY LAB.,

    Respondents.

Civil No. 06-290-AS

FINDINGS AND RECOMMENDATION

  MICKEY BEATY
  Fed. Reg. No. 59185-065
  Federal Correctional Institution
  P.O. Box 5000
  Sheridan, OR  97378

    Petitioner *Pro Se*

  KARIN J. IMMERGUT
  United States Attorney
  SCOTT ERIK ASPHAUG
  Assistant United States Attorney
  1000 S.W. Third Ave., Suite 600
  Portland, OR  97204

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ASHMANSKAS, Magistrate Judge.

*Pro se* Petitioner, an inmate at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Currently before the court is Respondent's Motion to Dismiss (#11). For the reasons that follow, Respondent's Motion to Dismiss should be GRANTED, the Petition for Writ of Habeas Corpus should be DENIED, and this action should be DISMISSED.

## BACKGROUND

On August 17, 2005, Petitioner was subject to a random urine test for drugs. On August 29, 2005, prison officials issued an Incident Report charging Petitioner with use of narcotics, based upon a positive reading for cannabinoids from the urine sample. A disciplinary hearings officer found Petitioner guilty as charged, and ordered Petitioner sanctioned with a loss of good time credits, loss of visiting and telephone privileges, and loss of his Unicor job position.

At the time he gave the urine sample, Petitioner signed a "Chain of Custody for Drug Analysis" form agreeing to have the sample tested by the National Toxicology Laboratories ("NTL"). Pursuant to the terms of the Chain of Custody form, prison officials were to send the urine sample to NTL "no later than the first work day after" it was collected. Pursuant to Federal Bureau of Prisons ("BOP") Program Statement 6060.08, entitled

2 - FINDINGS AND RECOMMENDATION -

<u>Urine Surveillance and Narcotic Identification</u>, urine samples must be mailed out no later than 72 hours after collection.

Respondent admits the urine sample taken from Petitioner was sent to NTL several days after the time required by Program Statement 6060.08 and the Chain of Custody form signed by Petitioner. As a result, the BOP expunged the disciplinary proceeding from Petitioner's record, restored his good time credits, visiting, and telephone privileges, and reinstated Petitioner in his Unicor job. Respondent further states that FCI Sheridan officials now comply with the 72-hour shipping requirement for urine samples, and will continue to abide by Program Statement 6060.08 in the future.

Respondent argues the expungement renders Petitioner's request for habeas corpus relief moot. Petitioner, who adamantly denies ever using drugs, counters that the "positive" result must have occurred because someone tampered with the urine sample before it was sent to NTL. Petitioner argues he cannot ensure this will not occur in the future, and that prison officials will put him on a "prior use" list as result of the positive test, regardless of the expungement of the disciplinary proceedings. Respondent denies Petitioner is on any "prior use list" or that he will be subject to anything more than random urine sample requests in the future.

3 - FINDINGS AND RECOMMENDATION -

## DISCUSSION

The case or controversy provision of Article III, § 2 of the Constitution "subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1955)). This means that, throughout the litigation, Petitioner "must have suffered, or be threatened with, an actual injury traceable to the [Respondent] and likely to be redressed by a favorable judicial decision." Id. (quoting Lewis, 494 U.S. at 477). Whether a case does not meet the case-or-controversy requirements of Article III, and is thus moot, is a question of federal law upon which the federal court "must pronounce final judgment." Liner v. Jafco, 375 U.S. 301, 304 (1964) (citing Love v. Griffith, 266 U.S. 32 (1924)).

A claim which is rendered moot may, nonetheless, survive dismissal if it is "capable of repetition, yet evading review." Spencer, 523 U.S. at 17. Such a claim, however, is only recognized in "exceptional situations." City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983). Two criteria must be fulfilled: (1) the action which the claim challenges must be "in its duration too short to be fully litigated prior to its cessation or expiration," and (2) there must be a "reasonable expectation" that "the same complaining party [will] be subject to the same action

4 - FINDINGS AND RECOMMENDATION -

again."  <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975). "Reasonable expectation" does not refer to a "mere physical or theoretical possibility," but to a "demonstrated probability." <u>Murphy v. Hunt</u>, 455 U.S. 478, 482 (1982).

As noted, Respondent expunged Petitioner's disciplinary record, restored his good time credits, visiting, and telephone privileges, and reinstated Petitioner in his Unicor job. Accordingly, Petitioner's habeas corpus claim is moot, as no legal injury remains for this court to remedy.  Moreover, Petitioner presents no evidence that he will be subjected to the challenged action again.  While it is possible Petitioner will be subjected to a random urine sample in the future, Respondent presents evidence that BOP officials at Sheridan now comply with the Program Statement requirement to ship samples within 72 hours. Petitioner's speculation that future samples could be mishandled is no more than a "theoretical possibility," not a "demonstrated probability."  <u>Murphy</u>, 455 U.S. at 482.  Petitioner's claim does not fall within the "capable of repetition yet evading review" exception to mootness.  As such, Respondent's Motion to Dismiss should be granted, and this action should be dismissed.

## RECOMMENDATION

For these reasons, Respondent's Motion to Dismiss (#11) should be GRANTED, the Petition for Writ of Habeas Corpus should be DENIED, and judgment of dismissal should be entered.

5 - FINDINGS AND RECOMMENDATION -

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due July 25, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this  10  day of July, 2006.

                                           /s/Donald C. Ashmanskas  
                                               Donald C. Ashmanskas  
                                               United States Magistrate Judge